Thomas A. McKinney
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, New Jersey 07960
(973) 920-7888
Attorneys for Named Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PASCUALE BERARDI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MARKET BASKET, INC. and JOHN DOES 1-10,<br><br>Defendants. | Docket No:<br><br><br>Civil Action<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Pascuale Berardi, ("Named Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Castronovo & McKinney, LLC, files this Collective Action Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant, The Market Basket, Inc. ("The Market Basket"), and John Does 1-10 (collectively "Defendants"), and alleges as follows:

## **INTRODUCTION**

1. This is an action brought by the Named Plaintiff on his own behalf and on behalf of all others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws and Regulations ("NJWHLR").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq.

3. Venue is proper in this Court as the Named Plaintiff resides in New Jersey and the Named Plaintiff worked for Defendant The Market Basket in New Jersey, and some of the events giving rise to the claims occurred in this District.

## IDENTIFICATION OF PARTIES

4. Defendant The Market Basket is a grocery store with a principle place of business located at 813 Franklin Lakes Road, Franklin Lakes, New Jersey.

5. Defendant The Market Basket employs approximately three hundred (300) non-exempt employees.

6. The Named Plaintiff is a former non-exempt employee who was employed as a Clerk at the cheese counter, and who worked substantial overtime hours without pay.

7. John Does 1-10 are individual officers, directors and/or managing agents who are personally liable for unpaid wages. Plaintiffs will seek to amend the Complaint to allege the true names of the John Doe individuals when they become known.

## DEFENDANTS WILLFULLY FAILED TO PAY OVERTIME

8. At all relevant times, Defendants were the Named Plaintiff's "employer" within the meaning of the FSLA and NJWHLR, and, as such, had the power to hire and fire its employees, set his wages, issue W-2 forms, control terms of employment, and maintain records as required by law.

9. Defendants expected and required the Named Plaintiff to work in excess of forty (40) hours per week without overtime pay throughout the proposed collective action period.

10. Defendants willfully failed to pay overtime to the Named Plaintiff and other non-exempt employees.

11. The Named Plaintiff began his employment with The Market Basket in January 2006 as a Clerk.

12. The Named Plaintiff's last day of employment with Defendants was on September 22, 2016.

13. Defendants failed to properly compensate the Named Plaintiff for overtime he worked while employed by Defendants.

14. Defendants assigned the Named Plaintiff to work at the cheese counter.

15. While employed by Defendants, the Named Plaintiff earned $900 per week ($22.50 per hour).

16. Defendants paid the Named Plaintiff $900 per week regardless of the number of hours he worked.

17. During the last three years of Plaintiff's employment, Plaintiff worked, on average, forty-four (44) hours per week.

18. Numerous other employees, upon information and belief, were not paid overtime.

## COLLECTIVE ACTION ALLEGATIONS

19. The Named Plaintiff brings this action individually and on behalf of all other current and former non-exempt The Market Basket employees who at any time during the collective action period worked more than forty (40) hours in any given week without overtime pay.

20. Upon information and belief, at any given time during the collective action period, Defendant The Market Basket employed approximately three-hundred (300) non-exempt

employees. Accordingly, the Named Plaintiff believes, and on this basis alleges, that with attrition and job turnover for other reasons, the collective action may exceed one-hundred and fifty (150) claimants, that the collective action is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the collective action, and that members of the collective action are similarly situated. Therefore, the Named Plaintiff submits that this collective action should be certified as a collective action.

21. The Named Plaintiff is proper representative and will fairly and more than adequately represent the collective action. The collective action representative's claims are typical of the claims of all members of the collective action in that all collective action members allege that they were victims of Defendant The Market Basket's policy, pattern, and/or practice of not paying overtime to non-exempt employees.

22. This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would create a risk of either inconsistent or varying adjudications with respect to individual members of the collective action, or adjudications with respect to individual members of the collective action that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

23. Questions of law and fact common to the collective action predominate over any questions affecting individual members because the central issue in this litigation will be the impropriety of Defendant The Market Basket's policy, pattern, and/or practice of not paying overtime to non-exempt employees.

24. Proceeding as a collective action is also superior to other available methods for the fair and efficient adjudication of the controversy. It will result in enormous savings to both the

courts and the collective action in litigating common issues on a collective action-wide basis instead of a repetitive, individual basis. Moreover, despite the relatively small size of the individual collective action members' claims, their aggregate value, coupled with the economies of scale inherent with litigating substantially similar claims on a common basis, will enable this case to be litigated as a collective action on a cost-effective basis especially when compared with repetitive individual litigations.

25. The collective action representative's claims are not subject to any unique defenses nor do any interests of the collective action representatives in this litigation conflict with the interests of any potential collective action member.

26. Counsel for the collective action has experience handling collective actions and other forms of complex employment and other litigation and will appropriately represent the Named Plaintiff and the collective action.

27. The Named Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NJWHLR claims of a type that are often and typically prosecuted on a collective action-wide basis, and the manner of identifying the collective action and providing monetary relief to it can easily be determined from a review of Defendant The Market Basket's records.

28. The Named Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

**FIRST COUNT**
**(Violations of the FLSA)**

29. The Named Plaintiff, on behalf of himself and all others similarly situated repeat and reallege the allegations of the preceding paragraphs.

30. Defendant The Market Basket is a covered employer under the FLSA.

31. John Does 1-10 are corporate officers under the FLSA.

32. The Named Plaintiff, and all others similarly situated are or were non-exempt employees of Defendant The Market Basket who served as a Clerk for Defendants.

33. Defendants repeatedly violated the FLSA by engaging in a pattern and practice of failing to pay overtime to the Named Plaintiff and other non-exempt employees after those employees worked in excess of 40 hours per week.

34. The aforesaid actions were willful, wanton, malicious and in reckless disregard of the Named Plaintiff's rights.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendants, jointly, severally and/or in the alternative, as follows: compensatory damages; punitive damages; reasonable attorneys' fees; interest; costs of suit; and such other relief as the Court deems just and equitable under the circumstances.

## SECOND COUNT
**(Violations of the NJWHLR)**

35. The Named Plaintiff, on behalf of himself and all others similarly situated repeat and reallege the allegations of the preceding paragraphs.

36. Defendant The Market Basket is a covered employer under the NJWHLR.

37. John Does 1-10 are corporate officers under the NJWHLR.

38. The Named Plaintiff, and all others similarly situated are or were non-exempt employees of Defendant The Market Basket who served as a Clerk for Defendants.

39. Defendants repeatedly violated the NJWHLR by engaging in a pattern and practice of failing to pay overtime to the Named Plaintiff and other non-exempt employees after those employees worked in excess of 40 hours per week.

40. The aforesaid actions were willful, wanton, malicious and in reckless disregard of the Named Plaintiff's rights.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendants, jointly, severally and/or in the alternative, as follows: compensatory damages; punitive damages; reasonable attorneys' fees; interest; costs of suit; and such other relief as the Court deems just and equitable under the circumstances.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 27, 2017　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Thomas A. McKinney
　　　　　　　　　　　　　　　　　　(Attorney ID 022202003)
　　　　　　　　　　　　　　　　　　Attorneys for Named Plaintiff

## **DEMAND FOR TRIAL BY JURY**

The Named Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 27, 2017　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Thomas A. McKinney
　　　　　　　　　　　　　　　　　　(Attorney ID 022202003)
　　　　　　　　　　　　　　　　　　Attorneys for Named Plaintiff

## **DESIGNATION OF TRIAL COUNSEL**

Plaintiffs designate Thomas A. McKinney as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 27, 2017    By:_____
Thomas A. McKinney
(Attorney ID 022202003)
Attorneys for Named Plaintiff