# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCUALE BERARDI, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>THE MARKET BASKET, INC.,<br><br>Defendant. | Civil Action No.<br><br>17-4711 (LDW)<br><br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF Nos. 36, 42). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 37).

## I.   Background and Procedural History

1.   The parties' proposed settlement resolves all claims in the action entitled *Berardi v. The Market Basket, Inc.*, Civ. A. No. 17-4711 (LDW), which is currently pending before this Court.

2.   Plaintiff Pascuale Berardi commenced this putative collective action on June 27, 2017, alleging that defendant failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"). (Complaint, ECF No. 1).

3.   Defendant The Market Basket, Inc. answered the complaint on October 18, 2017. (ECF No. 13). The parties then engaged in nearly a year of fact discovery, including the exchange

of initial disclosures, responses to written discovery, production of time records, payroll records, and other documents, and the depositions of plaintiff and his manager at the time of his separation.

## II.     Settlement Terms

4.  The parties appeared for a settlement conference before the undersigned on November 5, 2018, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of plaintiff's claims against defendant on an individual basis.

5.  Plaintiffs submitted a proposed settlement agreement on February 27, 2019. (ECF No. 36). Following a telephone conference with the undersigned on April 4, 2019, the parties submitted a revised settlement agreement and joint motion for settlement approval on May 23, 2019. (ECF No. 42).

6.  The parties have agreed to settle this case for a total amount of $40,000.00 as follows:

    a. The parties have agreed that if plaintiff were to prevail in this action, his maximum recovery for unpaid overtime wages and liquidated damages would not exceed approximately $22,000.00. Accordingly, the parties have agreed to settle plaintiff's unpaid wage claims for $22,000.00.

    b. Defendant has also agreed to pay plaintiff an additional $2,000.00 as consideration for plaintiff's general release of any claims or causes of action that plaintiff has, may have, or ever could have against defendant.

    c. Finally, defendant has agreed to pay $16,000.00 in attorneys' fees to Castronovo & McKinney, LLC.

### III. Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over whether plaintiff was properly classified as an exempt manager. Plaintiff alleged that he worked as a non-exempt cheese counter clerk, not a supervisor, and was therefore entitled to overtime. Defendant maintained that plaintiff's responsibilities fell within the definition of "management" under the FLSA, that his primary duties were the management of The Market Basket's cheese department, and that he was exempt from the FLSA and NJWHL's overtime requirements.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed

3

issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages.

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does include a limited confidentiality clause which prevents plaintiff from disclosing any discussions that are not contained in a public record, but it does not otherwise restrict his ability to discuss the terms of the settlement with any person. *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees.").

14. The settlement agreement also includes a mutual non-disparagement clause, but as it does not preclude plaintiff from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015).

15. Moreover, while general release provisions in FLSA settlement agreements are often rejected as overly broad, "[c]ourts are less skeptical of a broad release of claims when the employee receives independent compensation from the employer as consideration for the release." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1179 (S.D. Cal. 2016). Here, the Court finds the general release provision to be supported by adequate and separate consideration. *See Redden v. King's Corner Pub, LLC*, Civ. A. No. 16-6152, 2017 WL 4883177, at *3 (E.D. Pa.

4

Oct. 27, 2017) (approving FLSA settlement that included a general release because the release was "supported by significant additional consideration beyond the full compensation provided for Plaintiff's FLSA claims").

16. Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 42-2) and approves the payments to be made to plaintiff as set forth therein.

## IV. Award of Attorneys' Fees and Costs

17. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

18. Plaintiff's counsel seeks $16,000.00 in fees, which represents 40% of the total settlement amount. While 40% is at the highest end of reasonable, the Court will approve the proposed fee award in light of the length of the litigation and the extent of fact discovery in which counsel engaged. *Cf. Redden*, 2017 WL 4883177, at *2 ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit."); *Lyons*, 2015 WL 4378514, at *5 (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition).

5

## V.    Conclusion and Dismissal

19.    The Court approves the terms and conditions of the settlement agreement.

20.    The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

21.    This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

22.    The Court will retain jurisdiction over this matter for purposes of resolving any disputes between the parties related to the settlement agreement.

23.    The Clerk of Court is directed to terminate the motion at ECF No. 36.

**It is SO ORDERED this 29th day of May, 2019.**

*[signature]*
Hon. Leda Dunn Wettre
United States Magistrate Judge